# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Grant M. Saxena,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carmen Paulina Martinez Diaz Saxena,<br><br>　　　　　Defendant. | Case No. 2:21-cv-02197-JAD-DJA<br><br>**Order** |

This matter is before the Court on Plaintiff Grant Saxena's amended complaint. (ECF No. 9). The Court previously screened his original complaint, noted the deficiencies, and provided Plaintiff with an opportunity to amend. Plaintiff timely filed his amended complaint, and the Court will now screen it.

**I.     Background.**

Plaintiff alleges that his ex-wife Defendant Carmen Paulina Martinez Diaz Saxena—a citizen of Georgia—married him in 2010 only to obtain immigration status in the United States. (ECF No. 9 at 4). He asserts that—after "learn[ing] that she could petition for her visa independently if she accused her spouse or domestic partner of abuse"—Defendant began abusing Plaintiff and pretending to be the victim. (*Id.*). Plaintiff alleges that Defendant abused him in public in August 2010, after which the Las Vegas Metropolitan Police Department arrested her. (*Id.*). In October of 2010, Plaintiff asserts that Defendant "felony assaulted, slandered, and libeled [Plaintiff] claiming self defense without forensics to support her claim." (*Id.*). Again in October of 2010, Plaintiff asserts that Defendant attacked him with a ceramic vase and knife, leaving him hospitalized. (*Id.*).

Plaintiff also makes various allegations related to Defendant's alleged misrepresentations on her visa application and to law enforcement.[1]  (*Id.* at 4-5).  He claims that now Defendant is using her false story as the victim of domestic violence to speak at domestic violence awareness fundraisers that her restaurant caters.  (*Id.*).  Plaintiff claims that Defendant harmed him under Nevada's elder and vulnerable person abuse statute—NRS 41.1395—and continues to defame him, "resulting in [his] total joblessness and extreme emotional distress."  (*Id.*).

## II.   Legal standard.

A court must screen a complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

---

[1] Plaintiff does not connect these allegations to any cognizable claims.  The Court will thus not address these allegations further.

**III.     Discussion.**

     *A.     Plaintiff has successfully plead diversity jurisdiction.*

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." According to Plaintiff's complaint, Plaintiff is a citizen of Nevada and Defendant is a citizen of Georgia. Plaintiff claims that he is entitled to an award more than $75,000. Thus, the Court finds that Plaintiff has appropriately demonstrated, for the purposes of initial screening, that diversity jurisdiction exists.

     *B.     The Court dismisses Plaintiff's complaint without prejudice.*

Plaintiff alleges that Defendant violated NRS 41.1395. Liberally construing his complaint, it appears that he is also making claims of battery and defamation. However, because it appears that his claims under NRS 41.1395 and for battery are time barred, the Court dismisses these claims without prejudice. Because Plaintiff does not identify the defamatory statements Defendant made or explain when she made these statements, the court dismisses his defamation claim without prejudice.

NRS 41.1395(1) provides that, if an older or vulnerable person suffers a personal injury caused by abuse, the person who caused the injury is liable to the older or vulnerable person for two times the actual damages incurred. "Abuse" is defined as the willful and unjustified infliction of pain, injury, or mental anguish. NRS 41.1395(4)(a). "Vulnerable person" is someone who has a physical or mental impairment that substantially limits one or more of the major life activities of the person. NRS 41.1395(4)(e).

To establish a battery claim, a plaintiff must show that the defendant: (1) intended to cause harmful or offensive contact; and (2) such contact did occur.[2] *Burns v. Mayer*, 175

---

[2] Assault is a different claim than battery, and does not require physical contact, but simply the apprehension of physical contact. The plaintiff must show that the defendant: (1) intended to cause harmful or offensive physical contact; and (2) the victim was put in apprehension of such

F.Supp.2d 1259, 1269 (D. Nev. Nov. 30, 2001). Slander is a spoken defamatory statement. *Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003). To state a claim for defamation, a plaintiff must allege: "(1) a false or defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (2) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted).

Under NRS 11.190(4)(e), actions to recover damages for personal injuries to a person have a two-year statute of limitations. Under NRS 11.190(4)(c), actions for slander, assault, and battery also have a two-year statute of limitations. Nevada recognizes the "discovery rule" of accrual of a cause of action for statute of limitations purposes, meaning that the statute of limitations is tolled until the injured person discovers or reasonably should have discovered facts supporting a cause of action. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 440 (1998).

Here, Plaintiff's claims for violation of NRS 41.1359 and battery are time barred and Plaintiff's claim for defamation is too conclusory. First, Plaintiff's claims arising under NRS 41.1395 arise from his allegations that Defendant attacked him in 2010. Plaintiff successfully alleges that he is a vulnerable person under the statute because he alleges that he is paraplegic and has a pre-existing traumatic brain injury. However, the abuse he describes occurred over ten years before Plaintiff brought his claim. This is well beyond the two-year statute of limitations applicable to this claim.

Second, Plaintiff asserts that Defendant battered him by attacking him. He has established that Defendant intended to cause harmful contact because he asserts that she "attacked" him. He also established that the contact occurred by alleging that he was hospitalized for his injuries. But again, while Plaintiff asserts that Defendant's attacks were "repeated," he does not explain if they

---

contact. *Burns v. Mayer*, 175 F.Supp.2d 1259, 1269 (D. Nev. Nov. 30, 2001). Although Plaintiff alleges that Defendant assaulted him, it appears that he is referencing the tort of battery. Plaintiff does not assert facts to support a claim for assault here.

occurred other than in 2010.  Plaintiff has brought his claim beyond the two-year statute of limitations.

Third, Plaintiff alleges that Defendant defamed him by claiming that Plaintiff was the one to harm Defendant and continuing to perpetuate the false story to raise money for domestic violence awareness.  Plaintiff has not alleged the first element of defamation: Defendant's false or defamatory statement.  While Plaintiff alleges that Defendant has told a "fabricated story," without more facts about what she said, Plaintiff's allegations are conclusory.  Plaintiff also fails to explain when Defendant made these statements for the Court to determine whether they fall within the two-year statute of limitations.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed without prejudice providing Plaintiff with leave to amend.  Plaintiff will have until **August 1, 2022** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) to make the second amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: July 1, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE