UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Grant Mitchell Saxena, | Case No. 2:21-cv-02197-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Carmen Paulina Martinez-Diaz Saxena, | |
| Defendant. | |

Plaintiff Grant Mitchell Saxena is proceeding *pro se* under 28 U.S.C. § 1915. (ECF No. 7). After the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint, it provided him an opportunity to amend his complaint. (ECF No. 7). Plaintiff amended his complaint, which amendment the Court found to still be deficient under its screening standard. (ECF No. 10). The Court gave Plaintiff another opportunity to amend his complaint, which complaint Plaintiff timely amended. (ECF No. 15). The Court now screens and dismisses Plaintiff's second amended complaint with one more chance to amend. (ECF No. 15). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Discussion.**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1999) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A. Plaintiff has successfully plead diversity jurisdiction.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." According to Plaintiff's complaint, Plaintiff is a citizen of Nevada and Defendant is a citizen of Colorado. (ECF No. 15 at 3). Plaintiff claims that he is entitled to an award more than $75,000. (*Id.* at 6). Thus, the Court finds that Plaintiff has appropriately demonstrated, for the purposes of initial screening, that diversity jurisdiction exists.

### B. The Court dismisses Plaintiff's complaint.

Plaintiff asserts a claim arising under NRS 41.1395, which provides that, if an older or vulnerable person suffers a personal injury caused by abuse, the person who caused the injury is liable to the older or vulnerable person for two times the actual damages incurred. *See* NRS 41.1395(1). "Abuse" is defined as the willful and unjustified infliction of pain, injury, or mental anguish. NRS 41.1395(4)(a). "Vulnerable person" is someone who has a physical or mental

impairment that substantially limits one or more of the major life activities of the person. NRS 41.1395(4)(e). Under NRS 11.190(4)(e), actions to recover damages for personal injuries to a person have a two-year statute of limitations.

Plaintiff alleges that on October 12, 2021, he was able to successfully seal a "malicious criminal record" created by Defendant. (ECF No. 15 at 4-5). He asserts that he had to attend the hearing to seal this record, but Defendant failed to appear. (*Id.*). Plaintiff claims that his success in sealing the record proves that Defendant "is the sole domestic violence criminal responsible for her recent damages" of which Plaintiff is a victim. (*Id.*). Plaintiff asserts that Defendant physically injured him, but he does not explain when or how. (*Id.*). He also alleges that Defendant defamed him, apparently through the statements leading to the criminal record Plaintiff sought to seal. (*Id.*). Plaintiff adds that he is a 100% service-disabled paraplegic with a pre-existing traumatic brain injury. (*Id.*).

Here, the Court dismisses Plaintiff's complaint because it does not contain sufficient facts. Plaintiff appears to be relying on facts he brought up in previous complaints as context for his allegations in the instant complaint. But the Court has reminded Plaintiff each time it has dismissed his complaints that any amendment must be complete in itself and cannot refer to prior pleadings. (ECF No. 7 at 4); (ECF No. 10 at 5). In the instant complaint, Plaintiff leaves out facts about when Defendant harmed him,[1] why the criminal record was "malicious" or based on defamatory or false statements, or what Defendant said to defame him.

The Court thus dismisses Plaintiff's complaint without prejudice and gives him one more chance to file an amended complaint to the extent he can cure the deficiencies that the Court has noted. Plaintiff is advised that, if he files an amended complaint, the original complaint (ECF No.

---

[1] Facts about when the alleged actions took place is particularly necessary for the Court to screen Plaintiff's complaint because, in denying his previous complaint the Court noted that "Plaintiff's claims arising under NRS 41.1395 arise from his allegation that Defendant attacked him in 2010….the abuse he describes occurred over ten years before Plaintiff brought his claim. This is well beyond the two-year statute of limitations applicable to this claim." (ECF No. 10 at 4). Yet, in his renewed complaint, Plaintiff only states in conclusory fashion that "[d]ue to the statute of limitations, at least the past two years would qualify for a timespan from which to recuperate losses." (ECF No. 15 at 5).

1-2) and his amended complaints (ECF Nos. 9 and 15) no longer serve any function in this case. As such, the third amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**IT IS THEREFORE ORDERED** that Plaintiff's second amended complaint (ECF No. 15) is **dismissed with leave to amend**.  Plaintiff shall have until **November 28, 2022** to file an amended complaint.  Failure to file an amended complaint by **November 28, 2022** could result in the recommended dismissal of this case.  **This will be Plaintiff's last opportunity to file an amended complaint.**

DATED: October 26, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE