# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Grant Mitchell Saxena,<br><br>Plaintiff,<br><br>v.<br><br>Carmen Paulina Martinez-Diaz Saxena,<br><br>Defendant. | Case No. 2:21-cv-02197-JAD-DJA<br><br>**Order<br>&<br>Report and Recommendation** |

Plaintiff Grant Mitchell Saxena is proceeding *pro se* under 28 U.S.C. § 1915. (ECF No. 7). Plaintiff has filed a third amended complaint (ECF No. 23), a motion to extend the time to file that complaint and to file it under seal (ECF No. 22), and a motion to appoint counsel (ECF No. 19). Plaintiff's third amended complaint brings one claim on behalf of the United States Government under the False Claims Act, otherwise known as a *qui tam* action. (ECF No. 23). Because Plaintiff has demonstrated good cause for the extension and because the False Claims Act *qui tam* statute requires complaints to be filed under seal, the Court grants Plaintiff's motion to extend and to file under seal. (ECF No. 22). Because Plaintiff's claims are time barred, because he cannot bring a *qui tam* suit without an attorney, and because this was his last opportunity to amend his complaint, the Court recommends dismissing his complaint with prejudice. (ECF No. 23). Finally, because the Court does not find exceptional circumstances and recommends dismissing Plaintiff's complaint, it denies his motion for appointment of counsel. (ECF No. 19). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Discussion.**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1999) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

        ***A.    The Court grants Plaintiff's motion to extend time and to seal his complaint.***

Plaintiff moved to extend time shortly before his amended complaint was due.  (ECF No. 22).  He explained that he needed additional time because he was searching for an attorney.  (*Id.*).  His motion also sought to seal his third amended complaint because he is required by 21 U.S.C. § 3730 to file his *qui tam* complaint under seal.  (*Id.*).

Under Local Rule IA 6-1(a), a motion to extend time must state the reasons for the extension and, if made after the expiration of the subject period, demonstrate excusable neglect.  Under 31 U.S.C. § 3730(b)(2), when a private person brings a civil action for violation of the False Claims Act for the person and for the United States Government, the complaint shall be filed in camera and shall remain under seal for at least 60 days.  The purpose of sealing is to protect the government's interest in criminal matters by enabling it to investigate the alleged

fraud without tipping off investigative targets at a sensitive stage. *United States v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2015 WL 9581743, at *2 (D. Nev. Dec. 30, 2015).

The Court grants Plaintiff's motion to extend time and to seal his complaint. Plaintiff has demonstrated good cause for extending the deadline to file his amended complaint: his attempts to find counsel. And because Plaintiff was required to file his complaint under seal, the Court grants his request to do so.

### B. The Court recommends dismissing Plaintiff's complaint.

Plaintiff's complaint is brought as a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729. He alleges that his ex-wife and Defendant Carmen Paulina Martinez-Diaz Saxena "made false claims to immigration" when she married Plaintiff in 2010. (ECF No. 4 at 10). Plaintiff alleges that the only reason Defendant married him was to get benefits from Veterans Affairs and Medicare. (*Id.*). Prior to marrying him, Plaintiff alleges that Defendant married another person "solely with schemes of obtaining immigration." (*Id.*).

When Defendant began applying for permanent residency, she allegedly learned that she could petition for her visa independently if she accused Plaintiff of abuse. (*Id.*). She allegedly assaulted Plaintiff in August and October of 2010, but claimed self-defense and brought false charges against him. (*Id.*). Plaintiff alleges that the October assault resulted in a concussion, staples in the back of his head, and three-quarters of his finger being severed. (*Id.*). At some unspecified time, Plaintiff alleges that Defendant also called the police in Atlanta, Georgia to make a false report of rape against an unidentified person. (*Id.*).

Plaintiff asserts without explanation that he discovered the permanent damage caused by the October assault in May of 2022. (*Id.*). He also asserts that false charges Defendant made against him in 2010 were sealed in 2021. (*Id.*). Plaintiff adds that, in 2022, he filed "an additional complaint for investigation based on false statements to procure a business license." (*Id.* at 8).

Plaintiff's claim is time barred and impermissible under the False Claims Act. The False Claims Act contains two limitations periods. *See Cochise Consultancy, Inc. v. United States ex*

*rel. Hunt*, 139 S. Ct. 1507, 1510 (2019). The first requires that the action be brought six years after the statutory violation occurred, regardless of whether the United States intervenes. *See id.* The second requires that the action be brought three years after the United States official charged with the responsibility to act—not the private person who initiates the *qui tam* suit—knew or should have known the relevant facts, but not more than ten years after the violation. *See id.* Whichever period provides the later date serves as the limitations period. *Id.*

The False Claims Act motivates private individuals—or "relators"—to bring suit in federal court on behalf of the United States through a *qui tam* action. *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). Notwithstanding the relator's statutory right to the government's share of the recovery, the underlying claim of fraud always belongs to the government. *Id.* In *Stoner*, the Ninth Circuit explained that "[b]ecause *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing *qui tam* relators to proceed *pro se* in [False Claims Act] actions." *Id.*

Here, Plaintiff's claim is time barred and impermissible because he is proceeding *pro se*. Plaintiff alleges that Defendant made false claims to the government in 2010. Even if the longest, ten-year statute of limitations under the False Claims Act applied, Plaintiff's claim would be barred because he filed his action in late 2021. To the extent Plaintiff relies on Defendant's false claim of rape, Plaintiff did not provide a date for this instance, despite the Court's prior instruction that "[f]acts about when the alleged actions took place is particularly necessary for the Court to screen Plaintiff's complaint." (ECF No. 18 at 4 n.1).

Plaintiff's assertion that he only learned the extent of his injuries in 2022 has no bearing on whether he timely brought his *qui tam* action. Nor does the fact that he was able to seal his record in 2021. And although he asserts that "recently in 2022…[he] filed an additional complaint for investigation based on false statements used to procure a business license," this allegation is too conclusory and lacks sufficient facts to form the basis for his claim.

Plaintiff's claim is also barred because he is bringing it as a *qui tam* relator but proceeding *pro se*. Although Plaintiff has moved for appointment of counsel, he has provided no authority

that, by raising a *qui tam* action he is entitled to counsel. And even if the Court did appoint counsel, his claims would still be time barred.

This is Plaintiff's third attempt to amend his complaint. When screening and dismissing Plaintiff's second amended complaint, the Court gave him leave to amend and specified that it would be his last opportunity to amend his complaint. (ECF No. 18 at 4). Because Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, the Court recommends dismissing Plaintiff's complaint with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (9th Cir. 1962).

### C.  The Court denies Plaintiff's motion for appointment of counsel.

28 U.S.C. § 1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998). While this decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.*

Here, because the Court recommends that Plaintiff's complaint be dismissed, it cannot make the first finding of likelihood of success that would support appointing counsel. Even if Plaintiff had counsel, his claim would fail under the statute of limitations. The Court thus denies Plaintiff's motion for appointment of counsel.

///

///

///

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's third amended complaint (ECF No. 23) be **dismissed with prejudice.**

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time and to file his third amended complaint under seal (ECF No. 22) is **granted.**

**IT IS FURTHER ORDERED** that, because the Court recommends dismissal of this action, Plaintiff's motion for appointment of counsel (ECF No. 19) is **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 15, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE