# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Grant M. Saxena,<br><br>     Plaintiff<br><br>v.<br><br>Carmen Paulina Martinez-Diaz Saxena,<br><br>     Defendant | Case No.: 2:21-cv-02197-JAD-DJA<br><br>**Order Adopting Report & Recommendation and Dismissing and Closing Case**<br><br>[ECF Nos. 24, 25] |

Pro se plaintiff Grant Saxena purports to bring this qui tam action on behalf of the United States under the False Claims Act (FCA)[1] against his ex-wife, defendant Carmen Paulina Martinez-Diaz Saxena.[2] Because Saxena applies to proceed *in forma pauperis*, the magistrate judge screened his third-amended complaint under 28 U.S.C. § 1915(e)(2). The magistrate judge recommends that I dismiss and close this case because Saxena's claims are time barred, he cannot bring a qui tam suit without an attorney, and this was his last opportunity to amend his complaint.[3] He also denied Saxena's motion for appointment of counsel.[4] Saxena objects to that recommendation and order, arguing that the alleged false claims are ongoing and a court-appointed attorney could somehow cure his statute-of-limitations problem.[5]

Saxena's objections cannot overcome the reasons this case must be dismissed. I agree with the magistrate judge that Saxena's claim is time barred and he has not demonstrated exceptional circumstances to justify appointing him counsel. None of the later false statements

---

[1] 31 U.S.C. § 3730, et seq.

[2] ECF No. 23.

[3] ECF No. 24 (report and recommendation).

[4] *Id.*

[5] ECF No. 25 at 2–3.

Saxena alleges were made against the United States, and even an expert attorney cannot turn back time, so I overrule Saxena's objection, adopt the magistrate judge's report and recommendation in its entirety, and affirm the order denying appointment of counsel.

## Discussion

### I.  Report and recommendation

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[6]  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[7]

A civil action under the FCA must be brought "within 6 years after the statutory violation occurred" and "within 3 years after the United States official charged with the responsibility to act knew or should have known the relevant facts but not more than 10 years after the violation."[8]  The false statements Saxena alleges in his complaint occurred in 2010,[9] but Saxena initiated this suit in December 2021,[10] one year past even the longest limitation period for the FCA.  And I agree with the magistrate judge that, to the extent Saxena relies on other false

---

[6] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[7] 28 U.S.C. § 636(b)(1).

[8] *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S.Ct. 1507, 1510 (2019).

[9] ECF No. 23 at ¶¶ 2–10.

[10] ECF No. 1.

statements or ongoing effects from the 2010 false statements, those allegations are too speculative or conclusory to form the basis for his claim.[11]

Even if his claims were not time barred, Saxena cannot sustain a qui tam action under the FCA pro se.[12] Although parties are permitted to "plead and conduct their own cases personally" in federal court,[13] a qui tam action under the FCA "shall be brought in the name of the Government."[14] So Saxena cannot sustain his FCA action on a pro se basis because it is not his "own case," and his complaint must be dismissed.

## II.   Appointment of counsel

Saxena also appeals the magistrate judge's order denying his motion for appointment of counsel. He argues that a court-appointed attorney might somehow craft a complaint that would overcome the time bar.[15] The magistrate judge denied his motion, explaining that the claim is unlikely to succeed on its merits due to the statute of limitations.[16]

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[17] This standard of review "is significantly deferential" to a magistrate judge's determination.[18] A district court may overturn a magistrate judge's

---

[11] ECF No. 24 at 4.
[12] *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007).
[13] 28 U.S.C. § 1654.
[14] 31 U.S.C. § 3730(b)(1).
[15] ECF No. 25 at ¶ 6c.
[16] ECF No. 24 at 5.
[17] L.R. IB 3-1(a).
[18] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[19] or a relevant statute, law, or rule has been omitted or misapplied.[20]

The magistrate judge did not err by denying Saxena's motion. Federal courts may appoint counsel under 28 U.S.C. § 1915(d) only under "exceptional circumstances" after evaluating both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[21] Saxena has articulated his claims (which are not particularly complex), but he fails to explain how a competent attorney could overcome the time bar. So I also affirm the magistrate judge's denial of Saxena's motion for appointment of counsel.

## Conclusion

IT IS THEREFORE ORDERED that Saxena's objections [**ECF No. 25**] are **OVERRULED**, the report and recommendation [**ECF No. 24**] **is ADOPTED**, and the order denying appointment of counsel [**ECF No. 24**] **is AFFIRMED**. This action is DISMISSED with prejudice. **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.** *In forma pauperis* status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
July 31, 2023

---

[19] *Id.* (internal quotation marks omitted).
[20] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).
[21] *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (cleaned up).